```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

IN RE:                            Chapter 11
UNIVERSAL HEALTH CARE GROUP,      Case No. 8:13-bk-1520-KRM
INC.,
                                  Jointly Administered with
AMERICAN MANAGED CARE, LLC,       Case No. 8:13-bk-5952-KRM

        Debtors.
_____/

SONEET KAPILA, as Liquidating
Agent for the Estates of
UNIVERSAL HEALTH CARE GROUP,
INC., and AMERICAN MANAGED
CARE, LLC,

        Plaintiff,
v.                                Adv. Pro. 8:17-ap-217-KRM

FIDELITY & DEPOSIT COMPANY
OF MARYLAND,

        Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Defendant Fidelity and Deposit Company of Maryland's Motion to Withdraw Reference of the Adversary Complaint, filed on April 24, 2017. (Doc. # 1). Upon consideration, the Court determines that the Motion should be denied without prejudice.

**I.  Background**

This is an adversary proceeding currently pending in the United States Bankruptcy Court for the Middle District of

1

Florida. See Kapila v. Fidelity and Deposit Company of Maryland, Case No. 8:17-ap-217-KRM. Prior to the adversary proceeding, debtor Universal Health Care Group filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on February 6, 2013. (Doc. # 1 at 2). Plaintiff Soneet R. Kapila was appointed as the Chapter 11 Trustee for Universal Health Care Group, then became Liquidating Agent for its estate. (Id.). "On May 3, 2013, in his capacity as Chapter 11 Trustee for [Universal Health Care Group], Kapila filed a Chapter 11 Liquidating Plan for [debtor American Managed Care, LLC]." (Id.). Based on the Liquidating Plan, "Kapila alleges he became the Liquidating agent for" American Managed Care. (Id.). Then, on May 30, 2013, the Bankruptcy Court ordered the joint administration of the Universal Health Care Group and American Managed Care bankruptcy cases. (Id.).

On March 14, 2017, Kapila initiated this adversary proceeding in the Bankruptcy Court against Fidelity. (Doc. # 1-2 at 2-3). The Complaint alleges Fidelity wrongfully denied Kapila's claim for coverage under financial institution bonds Fidelity issued to Universal Health Care Group and American Managed Care, and seeks declaratory relief regarding coverage, damages for breach of contract, and attorney's fees.

fees. (Doc. # 1 at 3-5). On April 24, 2017, Fidelity filed the instant motion for withdrawal of reference, which has been fully briefed. (Doc. ## 1, 2, 3). On May 11, 2017, the Bankruptcy Court entered an order agreed upon by the parties, holding that all four counts of the adversary complaint are non-core. (Doc. # 6-1).

## II. Jurisdiction

The United States Code grants bankruptcy jurisdiction to Article III district courts. Specifically, 28 U.S.C. § 1334(b) 1334(b) states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Congress provided in 28 U.S.C. § 157(a) that each district court may refer all cases "arising under," "arising in," or "related to" Title 11 proceedings to the bankruptcy judges for the district. "This Court has a standing order referring all bankruptcy matters to the bankruptcy courts." In re Fields, No. 8:15-cv-1521-T-24, 2015 WL 5316944, 5316944, at *1 (M.D. Fla. Sept. 11, 2015). A finding that a matter is "related to" a bankruptcy case confers subject matter jurisdiction to the bankruptcy court and empowers it to hear the non-core matter. In re Happy Hocker Pawn Shop, Inc., 212 Fed. App'x 811, 817 (11th Cir. 2006).

However, under § 157(c), the bankruptcy court's power to determine a non-core matter is limited, as compared to its power to hear and determine core matters under § 157(b)(l). Specifically, the bankruptcy court has the power to determine matters properly before it under Title 11, but with respect to "related to" or non-core matters, an Article III court must render final judgment unless the parties consent to allow the bankruptcy court to handle the matter. 28 U.S.C. § 157(b) and (c).

III. **Permissive Withdrawal of Reference Standard**

The standard for permissive withdrawal is stated in 28 U.S.C. § 157(d): "The district court may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown." Congress has not given a definition or explanation of the "cause" required for permissive withdrawal, but the Eleventh Circuit has stated that cause "is not an empty requirement." In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991).

In determining whether the movant has established sufficient cause to withdraw the reference, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and

confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." In re Advanced Telecomm. Network, Inc., No. 6:13-cv-700-Orl-28, 2014 WL 2528844, at *1 (M.D. Fla. June 4, 2014)(quoting In re Simmons, 200 F.3d 738, 742 (11th Cir. 2000)). Additional factors to consider include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay. Control Ctr., L.L.C. v. Lauer, 288 B.R. 269, 274 (M.D. Fla. 2002)(citations omitted). "The moving party bears the burden of demonstrating cause for withdrawal of the reference." In re Advanced Telecomm. Network, Inc., 2014 WL 2528844, at *1.

The Eleventh Circuit has noted that "the cause prerequisite should not be used to prevent the district court from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisory function over the bankruptcy courts." In re Parklane/Atlanta Joint Venture, 927 F.2d at 538. The determination of whether to grant a motion for permissive withdrawal is within the court's discretion. See In re Fundamental Long Term Care, Inc., 8:14-cv-1800-EAK, 2014 WL 4452711, at *1 (M.D. Fla. Sept. 9,

5

2014)(citing In re TPI lnt'l Airways, 222 B.R. 663, 668 (S.D. Ga. 1998)).

**IV.  Motion to Withdraw Reference**

Fidelity argues the reference should be withdrawn immediately because the adversary proceeding is non-core, Fidelity has a right to a jury trial, and withdrawal would conserve judicial resources. (Doc. # 1 at 6-7, 10). Indeed, the Bankruptcy Court recently ruled that the complaint's claims are non-core. (Doc. # 6-1). Fidelity intends to demand a jury trial, and "does not consent to the Bankruptcy Court's entry of any final orders or judgments in these proceedings." (Doc. # 1 at 3).

While these factors weigh in favor of withdrawing reference, they do not require immediate withdrawal. Cf. GulfMark Offshore, Inc. v. Bender Shipbuilding & Repair Co., No. CIV. A. 09-0249-WS-N, 2009 WL 3756708, at *3 (S.D. Ala. Nov. 9, 2009)("Federal courts have universally held that 'a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court.'" (quoting In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007))); In re Fields, 2015 WL 5316944, at *3 (denying motion to immediately withdraw reference of non-core proceeding and

6

concluding that "allowing these adversary proceedings to continue in the bankruptcy court for all pretrial matters promotes the efficient use of judicial resources and will not result in delay").

The Court finds that foregoing withdrawal of the reference until the time of trial would result in the most efficient use of judicial resources. While the adversary proceeding was filed two months ago, Kapila notes the "Bankruptcy Court has been presiding over the Debtors' complex Chapter 11 bankruptcies for approximately four years" during which time "the Bankruptcy Court has become familiar with the Debtors' businesses and the circumstances leading up to the Debtors' bankruptcy filings." (Doc. # 2 at 5). The Court agrees with Kapila that the adversary proceeding will benefit from the Bankruptcy Court's deep familiarity with the financial situations of both Universal Health Care Group and American Managed Care. The bond transactions at issue in the adversary proceeding are part of the larger financial history of the debtors, over which the Bankruptcy Court has greater knowledge and firsthand experience.

In contrast, Fidelity argues immediate withdrawal of the reference would increase judicial economy. Fidelity notes the Bankruptcy Court's rulings would be subject to this Court's

7

de novo review because the adversary proceeding is a non-core matter. (Doc. # 1 at 7). But this "reasoning would result in the reference *always* being withdrawn from the Bankruptcy Court Court in the name of efficiency because of the omnipresent possibility of appeal." In re Tate, No. 09-0039-WS-M, 2010 WL 320488, at *10 (S.D. Ala. Jan. 19, 2010)(emphasis original); see also In re H & W Motor Express Co., 343 B.R. 208, 215 (N.D. Iowa 2006)("[A] party's mere threat to file objections to any future report and recommendation issued by the bankruptcy judge in a non-core proceeding is not 'cause' for withdrawal of the reference under Section 157(d)." (citation omitted)). Rather, "[w]ithdrawal of the reference at this stage would result in this Court losing the benefit of the bankruptcy court's experience in both the law and facts, and leading to an inefficient allocation of judicial resources." In re Rothstein, Rosenfeldt, Adler, P.A., No. 11-62612-CIV, 2012 WL 882497, at *4 (S.D. Fla. Mar. 14, 2012).

Furthermore, the Bankruptcy Court can make proposed findings of fact and conclusions of law on any claim for which it cannot constitutionally issue a final decision pursuant to Stern v. Marshall, 564 U.S. 462 (2011), just as the Bankruptcy Court may for non-core claims under 28 U.S.C. § 157(c)(1). Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2172-

73 (2014). Therefore, since the Court may treat such Bankruptcy Court orders as proposed findings of fact and conclusions of law, the concern that the Bankruptcy Court may exceed its statutory or constitutional authority unless the reference is immediately withdrawn is minimal.

Many courts have declined to withdraw reference for pretrial matters, even if they decide reference should eventually be withdrawn if the case proceeds to trial. See, e.g., In re Fields, 2015 WL 5316944, at *3 ("[A]llowing these adversary proceedings to continue in the bankruptcy court for all pretrial matters promotes the efficient use of judicial resources and will not result in delay."); In re Fundamental Long Term Care, Inc., 2014 WL 4452711, at *3 (denying a motion to withdraw the reference without prejudice so that defendant could refile at the time of trial); In re Gunnallen Fin., Inc., No. 8:10-cv-2855-T-24, 2011 WL 398054, at *4 (M.D. Fla. Feb. 3, 2011)("This Court finds that USSIC has established cause for withdrawing the reference so that this Court can conduct the jury trial in this case. However, since the adversary proceeding is still in its initial stage, withdrawal at this time is unnecessary.").

"Retention of jurisdiction by the Bankruptcy Court for pretrial matters does not curtail any party's Seventh

Amendment right, but it does 'promote[ ] judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them.'" GulfMark Offshore, Inc., 2009 WL 3756708, at *3 (quoting In re Healthcentral.com, 504 F.3d at 787-88). Thus, the Bankruptcy Court will handle all pretrial matters, including dispositive motions, and Fidelity may re-file a motion to withdraw reference if the case proceeds to trial. See In re Gunnallen Fin., Inc., 2011 WL 398054, at *4 ("[E]ven if withdrawal is appropriate, a district court can allow the bankruptcy court to retain jurisdiction to address all pretrial matters, from discovery through dispositive motions."). Fidelity's Motion is denied without prejudice so that it may file a renewed motion to withdraw the reference at the time of trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Fidelity and Deposit Company of Maryland's Motion to Withdraw Reference of the Adversary Complaint (Doc. # 1) is **DENIED WITHOUT PREJUDICE.** Fidelity may re-file a motion to withdraw reference at the time of trial.

(2) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of May, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE